Limitation of actions; failure to state a claim; suit by heirs of General Pulaski — On June 27, 1980 the court entered the following order:
Before Friedman, Chief Judge, Nichols and Smith, Judges.
This case comes before the court on defendant’s motion to dismiss. Plaintiffs claim for $58,789,159 and 850 acres of land is made on behalf of the heirs of Gen. Casimir Pulaski. General Pulaski rendered uncompensated and valuable services to the United States as a general in the American Revolutionary Army from 1777 until his death on October *722 11, 1779, as a result of wounds received in the siege of Savannah. These "debts” remain outstanding to this day, and it is the contention of plaintiff that these "debts” of the Government should be paid to the heirs of General Pulaski. Similar "debts” of the United States, such as the "debt” owed to General Kosciuszko, who received $12,280 for his 7 years of service in the Continental Army, have been satisfied. General Pulaski’s unpaid services, computed by plaintiff with interest and adjusting for the inflation "of a General-Brigadier’s salary,” currently produce a claim of $58,789,159. It is unclear as to what legal theory plaintiff relies upon to substantiate his claim for the 850 acres of land.
Defendant contends that plaintiff has failed to state a claim upon which relief can be granted. Further, defendant contends that if plaintiff had a claim, the claim is presently barred by the statute of limitations. After a careful examination of all submitted matters this court finds for the defendant.
The court’s inability to find for this plaintiff, however, should not be interpreted as a judicial comment on the extent or breadth of General Pulaski’s contribution to the American Revolution effort. Although plaintiff fails to show that Congress has specifically provided any monetary or similar award in recognition of General Pulaski’s contributions, few men have been as richly honored as this great Polish patriot and supporter of the American colonists’ aspirations for independence. Since his death, the problem now before us has been the subject of at least five House bills and two Senate bills. President Kennedy honored General Pulaski by visiting with many of the general’s descendants. President Nixon honored General Pulaski by declaring October 11, 1972, General Pulaski Memorial Day. On the 191st anniversary of the general’s death, the United States Ambassador to Poland read a Presidential Proclamation on his behalf to those descendants of General Pulaski that did not follow him to America. In 1949, S. 2255 was introduced in an attempt to establish a National Pulaski Foundation.
In Soriano v. United States, 352 U.S. 270, 273-74 (1957), the Supreme Court stated that this court lacks jurisdiction *723 to hear a claim that is not filed within 6 years following the accrual of such a claim. The statute of limitations is presently codified at 28 U.S.C. § 2501 (1976). Any claim that General Pulaski or his heirs may have had, based upon his military services, must have accrued upon his death.
It is clear that any happening since 1779 upon which plaintiff could anchor a claim has not occurred within 6 years of the filing of this petition. Plaintiff, in any event, has not alleged that some incident, action, or complaint within the last 6 years could have fairly been interpreted as mandating payment by the Federal Government for the military services performed by the general some 200 years ago. Assuming that plaintiff had a viable claim, that claim would be presently barred by the statute of limitations.
Even if we disregard the impediment to plaintiffs claim due to the statute of limitations, plaintiffs petition has failed to state a claim upon which relief can be granted. Although there is much discussion in plaintiffs attachments about the "debt” the United States owes to General Pulaski, nothing in the submitted material nor in the cited congressional bills clearly indicates that a cause of action for the alleged wrong has been created by the Congress. In such a situation, unfortunately, this court under 28 U.S.C. §1491 (1976) is incapable of rendering a judgment. As a result plaintiff has failed to state a claim upon which relief can be granted. The limited statutory jurisdiction of this court cannot be expanded beyond the bounds established by Congress. Soriano v. United States, supra; Carney v. United States, 199 Ct. Cl. 160, 162, 462 F.2d 1142, 1144 (1972). It cannot be said with certainty that plaintiffs claim is supported by a statute or a regulation which, fairly interpreted, requires the payment of money to plaintiff. United States v. Testan, 424 U.S. 392, 400 (1976).
it is therefore ordered that defendant’s motion to dismiss is granted, and plaintiffs petition is dismissed.
Plaintiffs motion for reconsideration and amendment of complaint was denied October 3,1980.